**THE LAW OFFICES OF LEON OZERAN**
Leon Ozeran, Esq., CA Bar No.: 296071
5404 Whitsett Ave., Suite 212
Valley Village, CA 91607
Tel: (310) 461-3730
Email: leon@ozeranlaw.com

Attorneys for Plaintiff
and the Putative Class

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| SAMAN KOHANOF, individually, and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>JETBLUE AIRWAYS CORPORATION,<br><br>Defendant. | Case No. 2:26-cv-9701<br><br>**CLASS ACTION COMPLAINT FOR:**<br>1. BREACH OF EXPRESS CONTRACT<br>2. BREACH OF IMPLIED-IN-FACT CONTRACT<br>3. PROMISSORY ESTOPPEL<br><br>**JURY TRIAL DEMANDED** |

# INTRODUCTION

1. This class action seeks redress for JetBlue's practice of selling passengers higher-priced fare options that expressly promise "Free seat selection," while, in transactions where no standard seat is available, failing to disclose that fact before accepting payment and then providing no seat-selection opportunity.

2. JetBlue does not treat seat selection as merely incidental to air transportation. JetBlue affirmatively advertises advance seat selection as a benefit that distinguishes its fare options and induces passengers to purchase more expensive fares.

3. At the time Plaintiff purchased his ticket via the mobile app, JetBlue offered, among other options, a lower-priced "Blue Basic" fare and a higher-priced "Blue" fare. An exemplar of JetBlue's fare-option display on its mobile app, showing representative fare descriptions, is pasted here:



4. An exemplar of JetBlue's fare-option display on its website, showing representative pricing, is pasted here:




5. As depicted in the exemplar fare above, JetBlue offers a Blue Basic fare for approximately $359 and expressly informs the purchaser that the fare includes "No free seat selection."

6. JetBlue simultaneously offers the purchaser a Blue fare for approximately $411 and expressly represents that it includes "Free seat selection."

7. JetBlue also offers the purchaser a Blue Extra fare for approximately $446.

8. When Plaintiff was selecting his fare, Plaintiff selected and paid for the Blue fare. The ability to select a seat in advance was a material component of the Blue fare and a material reason Plaintiff chose Blue instead of the less expensive Blue Basic fare.

9. Critically, before Plaintiff completed his purchase, JetBlue did not alert Plaintiff that there were no standard seats available for him to select on the flight.

10. JetBlue did not display a warning stating that seat selection was unavailable for Plaintiff's flight.

11. JetBlue did not tell Plaintiff that, despite purchasing a fare expressly advertised as including "Free seat selection," he would be unable to select any seat.

12. JetBlue did not disclose to Plaintiff that, after purchase, its seat-selection system would make no standard seat available for him to select without an additional charge.

13. JetBlue instead continued to display "Free seat selection" as an included benefit of the Blue fare and accepted Plaintiff's payment for that fare.

14. Each step of the purchase process reinforced JetBlue's promise that Plaintiff's fare included the ability to make a seat selection without additional charge, including the checkout page, pictured here:



15. Similarly, JetBlue's "Location in the cabin" page promised seat selection in the "Core" cabin area for "no fee for Blue, Blue Plus, and Blue Extra" fares. It also says the "Core" seat selection is available for a "Fee for Blue Basic":



16. JetBlue's recent rebranding of the fare classes suffers from the same issues. JetBlue's "Our Fares" page promises that Seat selection is included with the Main fare:

jetBlue Book My Trips Travel Info TrueBlue Sign in

Main EvenMore® Mint®

| | Main Base | Main | Main Flex |
|---|---|---|---|
| Baggage information | | | |
| Carry-on bag[1] | ✓ | ✓ | ✓ |
| Personal item included[2] | ✓ | ✓ | ✓ |
| Checked bags included[3] | X | X | X |
| Checked bags included (UK/Europe) | X | ✓ | ✓ |
| Your booking | | | |
| Changes[4] | $ | ✓ | ✓ |
| Cancellations[5] | Travel credit minus fee | Travel credit | Refund to original payment |
| Same-day switches/standby[6] | $ | $ | ✓ |
| At the airport | | | |
| Seat selection | $ | ✓ | ✓ |
| Boarding | General | General | Early |

17. And JetBlue's "Type of Seats on JetBlue" again states that there is "No fee for [a seat selection] for Main and Main Flex" fare types, while there is a "Fee for Main Base":

## Types of Seats on JetBlue

Wondering where to sit? We've got you covered.

| Details | Main | Main (preferred) | Extra legroom | EvenMore® | Mint |
|---|---|---|---|---|---|
| Legroom | Most legroom in coach[1] | Most legroom in coach[1] | Up to 7"more | Extra legroom | Fully lie-flat seats |
| Location in the cabin | Main experience | Seats located closer to the front of Main. | Over the wing[2] | Seats located closer to the front of the plane. | Front of all cabins on select aircraft. |
| Fees | No fee for Main and Main Flex<br><br>Fee for Main Base | Additional fee. Price varies by route. | Additional fee. Price varies by route. | No fee when the EvenMore® fare option is selected during booking.<br><br>Additional fee when selected as an add-on after booking (during seat selection). Price varies by route. | No fee. Only available for Mint fares. |

18. Only after JetBlue accepts payment and completes the transaction do purchasers discover, when they attempt to exercise the purchased benefit, that JetBlue makes no seat available to select without an additional charge.

19. At no point during the purchase process does JetBlue clearly and conspicuously disclose that the promised seat-selection benefit itself is unavailable. Nor does JetBlue provide purchasers with a transaction-specific warning that no seats were actually available for selection on the particular flight the purchaser is purchasing.

20. This action does not allege that JetBlue was required to guarantee any particular seat number to a specific purchaser.

21. Rather, it alleges that JetBlue voluntarily offers purchasers, such as Plaintiff, a fare expressly represented as including advance seat selection, accepts payment, and then fails to provide the seat-selection opportunity it has sold.

22. JetBlue was free to offer fares without advance seat selection. It was free to withhold particular seats for legitimate operational reasons. And it was free to disclose, before payment, that seat selection was unavailable on a particular flight.

23. What JetBlue could not do was sell a fare based in part on the affirmative representation that "Free seat selection" was included, while possessing information that no seat was available for the purchaser to select and failing to disclose that fact before taking the purchaser's money.

24. Plaintiff and the proposed Class therefore seek to enforce JetBlue's own contractual undertaking and recover the value of the fare benefit for which they paid but did not receive.

## PARTIES

25. Plaintiff Saman Kohanof is a resident of California.

26. Plaintiff purchased the JetBlue ticket at issue for personal travel.

27. Defendant JetBlue Airways Corporation is a Delaware corporation with its principal place of business in Long Island City, New York.

28. JetBlue is a commercial air carrier that markets and sells airline transportation throughout the United States, including to consumers in California and within this District.

29. JetBlue regularly operates flights to and from Los Angeles International Airport ("LAX"), including the flight at issue in this action.

## JURISDICTION AND VENUE

30. This Court has subject-matter jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).

31. Plaintiff is informed and believes, and on that basis alleges, that the proposed Class contains substantially more than 100 members.

32. Minimal diversity exists because JetBlue is a citizen of Delaware and New York, while Plaintiff and members of the proposed Class are citizens of California and other states.

33. Plaintiff further alleges upon information and belief that the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs. The precise number of affected transactions and amounts attributable to the unprovided seat-selection benefit are information principally or exclusively within JetBlue's possession and will be determined through discovery.

34. This Court has personal jurisdiction over JetBlue because JetBlue purposefully conducts substantial business in California and this District, markets and sells its fare products to consumers here, and operates flights to and from LAX.

35. Plaintiff's claims also arise from JetBlue's contacts with this District, including JetBlue's sale of the subject fare to a California consumer for a flight destined for LAX and its contractual undertaking to provide the associated fare benefits.

36. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events and contractual performance giving rise to Plaintiff's claims occurred in, or were directed toward, this District.

## THE CONTRACTUAL UNDERTAKING

37. JetBlue's fare-selection interface sets out the fare options, prices, and specific benefits offered in exchange for payment. "Free seat selection" appears as an identified benefit of the Blue fare in the same booking transaction through which the passenger selects the fare and pays JetBlue.

38. Plaintiff accepted JetBlue's Blue-fare offer through that booking transaction, paid the requested price, and received confirmation of the reservation. The promised seat-selection benefit was therefore part of the bargain JetBlue offered and Plaintiff accepted, not a gratuitous post-contract courtesy.

# FACTUAL ALLEGATIONS

## A. JETBLUE'S 2026 REBRANDING PRESERVES THE SAME SEAT-SELECTION PROMISE

39. In July 2026, JetBlue announced a rebranding to its fare options.[1]

40. JetBlue rebranded its "Blue" fare as "Main," and its "Blue Basic" as "Main Base." JetBlue explained that its former Core economy experience would be renamed Main, and that customers would then choose among Base, Standard, and Flex fare levels within that experience. The standard Main fare includes seat selection, just as the old Blue fare did.

41. JetBlue's Press Release specifically highlights, multiple times, that Main Base fare does not include seat selection, whereas Main fare includes seat selection as part of the fare price. The Press Release states, "Standard (branded as Main, EvenMore, BlueFirst, or Mint) JetBlue's most popular fare option, *including seat selection*, no change fees and Travel credit for eligible cancellations." (emphasis added) and includes a chart listing "Seat Selection" as "Included." JetBlue further confirmed the contractual nature of fare benefits, stating that customers who had already booked travel would continue to receive the benefits under the terms associated with the fare they originally purchased.




[1] https://www.mediaroom.jetblue.com/latest-news/press-release-details/2026/JetBlue-Introduces-a-Simple-Intuitive-Way-to-Shop-for-Flights-as-It-Prepares-for-First-Class-Launch/default.aspx




| | Base<br>Lowest price | Standard<br>Most popular | Flex<br>Maximum flexibility |
|---|---|---|---|
| Fare Options | • Main Base<br>• EvenMore Base<br>• BlueFirst Base | • Main<br>• EvenMore<br>• BlueFirst<br>• Mint | • Main Flex<br>• EvenMore Flex<br>• BlueFirst Flex<br>• Mint Flex |
| Carry-on | Included | Included | Included |
| Seat Selection | Not included | Included | Included |
| Change / Cancel Fee | Yes | No | No |
| Refundability | Travel credit | Travel credit | Original payment |
| TrueBlue Points | 1 per $1 | 3 per $1 | 3 per $1 |

Courtesy of JetBlue.

42. Because Plaintiff purchased his fare in February 2026, this Complaint uses the Blue and Blue Basic terminology for the transaction at issue. References to Main and Main Base concern only JetBlue's later rebranding.

**B. JETBLUE USES SEAT SELECTION TO DIFFERENTIATE AND SELL ITS FARE OPTIONS**

43. JetBlue sells airline transportation through a menu of fare options that provide different combinations of benefits and restrictions.

44. JetBlue designed these fare options so that passengers choosing among them compare not merely the price of transportation but also the additional rights and benefits associated with each fare.

45. Advance seat selection was one of the material benefits JetBlue used to distinguish Blue from Blue Basic.

46. During Plaintiff's booking transaction, JetBlue expressly contrasted the two fares by informing Plaintiff that Blue Basic provided "No free seat selection," while Blue provided "Free seat selection."

47. A reasonable passenger viewing those representations would understand that purchasing Blue would provide something the cheaper Blue Basic fare did not: the ability to select a seat in advance without paying an additional seat-selection charge.

48. Seat selection was therefore not merely a gratuitous courtesy JetBlue might elect to provide after formation of the passenger contract. It was an identified characteristic of the Blue fare JetBlue offered for sale.

49. JetBlue used that fare characteristic to induce passengers, including Plaintiff, to purchase Blue instead of the less expensive Blue Basic fare.

**C. JETBLUE'S OWN FEDERAL-COURT REPRESENTATIONS CONFIRM THE PROMISED BENEFIT**

50. JetBlue has repeatedly characterized free advance seat selection as an entitlement of the Blue fare in representations made to federal courts.

51. In *Ungar v. JetBlue Airways Corp.*, No. 1:24-cv-01494 (S.D.N.Y.), JetBlue represented that the plaintiff "selected and paid for 'Blue' fare at the time of contract," that the Blue fare "entitled her to free advance seat selection," and that

Blue "is a more expensive fare option." JetBlue Mem. in Supp. Mot. to Dismiss, ECF No. 26 at 8-9 (S.D.N.Y. June 25, 2024).

52. JetBlue further argued in *Ungar* that passengers who wanted to sit together could have purchased the fare option that "entitled them to choose their seats," while passengers who selected the cheaper Blue Basic fare and did not pay for seat selection would instead be assigned seats. *Id.* at 8-9, 15.

53. To support that position, JetBlue submitted its own booking comparison showing an "X" next to "Free seat selection" for Blue Basic and a checkmark next to "Free seat selection" for Blue. *Id.* at 13.

54. JetBlue made the same representation in the federal antitrust litigation concerning its proposed acquisition of Spirit Airlines, stating that JetBlue provides "free seat selection (at any point prior to the flight) for all fare classes except Blue Basic." Defs.' Pretrial Br., *United States v. JetBlue Airways Corp.,* No. 1:23-cv-10511-WGY, ECF No. 290 at 19 (D. Mass. Oct. 10, 2023).

55. JetBlue's own descriptions thus distinguish seat selection from seat assignment: Blue purchasers buy the right to choose a seat in advance without an additional seat-selection charge, whereas passengers who do not purchase that benefit may instead be assigned a seat by JetBlue.

56. Those representations are consistent with JetBlue's consumer-facing fare display and checkout interface, which identify "Free seat selection" as a specific benefit included in the Blue fare.

57. Plaintiff seeks only to enforce JetBlue's self-imposed undertaking; he does not ask state law to enlarge or enhance that undertaking or impose a seat-selection obligation JetBlue did not voluntarily assume. *See Am. Airlines, Inc. v. Wolens,* 513 U.S. 219, 228-33 (1995); *Hickcox-Huffman v. US Airways, Inc.,* 855 F.3d 1057, 1062-65 (9th Cir. 2017); see also *Brenman v. United Airlines, Inc.*, No. 3:25-cv-06995-JD, Dkt. No. 66 at 2–4 (N.D. Cal. July 6, 2026) (denying motion to dismiss

express-contract, implied-contract, and promissory-estoppel claims arising from an airline's seat-related representations made during booking).

**D. JETBLUE POSSESSES THE INFORMATION NECESSARY TO KNOW WHETHER SEATS ARE AVAILABLE**

58. JetBlue controls or has access to the reservation system through which its customers select fares and seats.

59. JetBlue controls the seat map presented to passengers and determines which seats appear as available, unavailable, occupied, blocked, restricted, or otherwise incapable of advance selection.

60. JetBlue therefore knows, or through its reservation system can readily determine, when no standard seat is available for a passenger to select on a particular flight.

61. JetBlue is consequently capable of determining, before accepting payment, whether the advertised seat-selection benefit is immediately usable by the passenger for the flight being purchased.

62. JetBlue is also capable of displaying a warning to a passenger before purchase if no standard seat is then available for advance selection.

63. Such a warning could state, for example, that although the fare ordinarily includes advance seat selection, no seats are currently available for selection on that flight.

64. JetBlue did not provide such a warning to Plaintiff. On information and belief, JetBlue's standardized booking process likewise did not generate such a warning for similarly situated purchasers.

**E. JETBLUE DID NOT ALERT PLAINTIFF THAT NO SEATS WERE AVAILABLE BEFORE HE PURCHASED BLUE**

65. Plaintiff purchased a JetBlue Blue fare for travel on February 8, 2026, from Fort Lauderdale-Hollywood International Airport ("FLL") to Los Angeles International Airport ("LAX") via mobile application.

66. Plaintiff's reservation is identified by a JetBlue confirmation code that has been provided to JetBlue and is omitted from this public filing.

67. During Plaintiff's purchase transaction, JetBlue displayed multiple fare options and their respective benefits and restrictions.

68. JetBlue offered Plaintiff a Blue fare priced at approximately $379.

69. JetBlue expressly stated in connection with the Blue fare: "Free seat selection."

70. Plaintiff specifically valued the ability to select his seat and relied on JetBlue's representation that the Blue fare included that benefit.

71. At no point before Plaintiff purchased the Blue fare did JetBlue alert Plaintiff that no standard seats were available for advance selection on his flight.

72. JetBlue did not display a pop-up, banner, warning, notification, or other transaction-specific disclosure stating that Plaintiff would be unable to select a seat.

73. JetBlue did not state next to the "Free seat selection" representation that the benefit was unavailable for Plaintiff's flight.

74. JetBlue did not state that all seats eligible for advance selection had already been assigned or were being withheld from selection.

75. JetBlue did not state that Plaintiff might pay for Blue and nevertheless be provided no seat-selection opportunity at all.

76. JetBlue did not require Plaintiff to acknowledge, before payment, that no seats were available for selection.

77. Instead, JetBlue continued to affirmatively represent that "Free seat selection" was included in the Blue fare and allowed Plaintiff to purchase that fare.

78. Plaintiff selected the Blue fare and paid JetBlue the amount requested.

79. JetBlue accepted Plaintiff's payment and confirmed the reservation.

80. After completing the purchase, Plaintiff attempted to exercise the included seat-selection benefit.

81. Plaintiff then discovered that JetBlue made no standard seat available for him to select.

82. Plaintiff therefore did not receive the seat-selection benefit JetBlue had expressly represented was included with the Blue fare.

83. JetBlue instead assigned Plaintiff a seat of its own choosing, without affording Plaintiff any opportunity to select it — the same treatment JetBlue provides to purchasers of the lower-priced Blue Basic fare, which JetBlue expressly sells without free seat selection.

84. JetBlue did not refund, credit, or otherwise adjust the fare to account for the seat-selection benefit Plaintiff purchased and did not receive.

85. Had JetBlue informed Plaintiff before payment that no seat was available for advance selection, Plaintiff would not have paid the same amount for the Blue fare and would have selected a less expensive fare or otherwise altered his purchasing decision.

## F. JETBLUE COULD HAVE DISCLOSED THE UNAVAILABILITY BEFORE ACCEPTING PAYMENT

86. JetBlue was free to restrict, block, or withhold seats for operational, safety, accessibility, family-seating, crew, airport-control, or other legitimate reasons.

87. Plaintiff does not challenge JetBlue's authority to make those operational decisions.

88. Nor does Plaintiff contend that every particular seat on an aircraft must be made available for advance selection.

89. Plaintiff's claim instead concerns JetBlue's failure to provide the seat-selection opportunity it expressly sold as part of the Blue fare. JetBlue's failure to disclose that the benefit was unavailable is relevant because JetBlue stated no qualification or limitation on that promise before accepting Plaintiff's payment

90. If JetBlue had no standard seats available for Plaintiff to select, JetBlue could have stated that fact before Plaintiff purchased Blue.

91. JetBlue could have removed "Free seat selection" from the benefits displayed for Plaintiff's transaction.

92. JetBlue could have displayed a qualification immediately adjacent to that benefit.

93. JetBlue could have warned Plaintiff that seat selection would not presently be available despite the fare he was purchasing.

94. JetBlue did none of these things.

95. Instead, JetBlue possessed the seat-inventory information, advertised the seat-selection benefit, failed to alert Plaintiff that the benefit was unavailable, accepted his payment, and disclosed the practical unavailability only when Plaintiff attempted to select a seat after purchase.

## G. JETBLUE'S CONDUCT IS STANDARDIZED AND CAPABLE OF COMMON PROOF

96. JetBlue uses standardized electronic fare-selection, booking, seat-map, and reservation systems to sell tickets throughout the United States.

97. On information and belief, JetBlue's standardized booking process does not provide passengers with a clear transaction-specific warning before payment whenever a fare advertised as including advance seat selection is offered for a flight on which no standard seats are actually available for passenger selection.

98. JetBlue had notice of the precise issue before Plaintiff's purchase. On December 7, 2025, a Blue purchaser filed BBB Complaint No. 24240520 alleging that JetBlue advertised free seat selection but, after purchase, offered only seats requiring an additional charge and advised that a seat would instead be assigned at check-in. The customer expressly told JetBlue that assignment at check-in was not customer seat selection and that JetBlue should not offer a fare with free seat selection when that option was unavailable. JetBlue responded to the complaint.

99. JetBlue's electronic records can identify, among other things, the fare option purchased, fare price, flight segment, seat inventory available at the time of

purchase, seats blocked or withheld from selection, the seat map presented to the passenger, whether a passenger selected a seat, when a seat was assigned, and whether JetBlue instead assigned the passenger a seat at a later time.

100. These records can therefore identify transactions in which JetBlue sold a fare represented as including seat selection while no standard seat was available for the passenger to select.

101. JetBlue itself assigns a monetary price to seat-selection rights by charging Blue Basic purchasers a seat-selection fee for standard seats that Blue passengers are told they may select without an additional seat-selection charge.

102. That contemporaneous seat-selection fee provides an objective measure, or at minimum a benchmark, of the value JetBlue assigns to the benefit it represented was included in the Blue fare and then failed to provide.

103. JetBlue's records reflect the seat-selection fees charged, or that would have been charged, for each seat on each flight at issue. Damages can therefore be calculated on a classwide basis by a common formula derived from JetBlue's own pricing, without individualized inquiry into any Class Member's subjective valuation.

## CLASS ALLEGATIONS

104. Plaintiff realleges and incorporates the preceding paragraphs as though fully set forth herein.

105. Plaintiff brings this action pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(3), and, as appropriate, Rule 23(c)(4), individually and on behalf of the following proposed class:

### Nationwide Class

All persons in the United States who, during the applicable limitations period, purchased from JetBlue a fare option that JetBlue represented as including or providing free advance seat selection, and for whom JetBlue's records show that no standard seat was made available for selection without an additional charge before JetBlue assigned the passenger a seat.

106. Plaintiff also seeks to represent the following subclass to the extent necessary or appropriate:

**California Subclass**

All members of the Nationwide Class who are California residents or who purchased the qualifying JetBlue fare in California.

**JetBlue Mobile App Subclass**

All members of the Nationwide Class who purchased the qualifying JetBlue fare through JetBlue's mobile application.

107. The challenged transaction is standardized. JetBlue uses standardized fare labels and benefit descriptions together with centralized booking, seat-map, inventory, and assignment systems, allowing the existence and breach of the seat-selection undertaking to be determined through common evidence.

108. JetBlue's mobile-application transactions are likewise conducted through a standardized booking interface and centralized reservation system, such that the representations presented to Mobile App Subclass members, the fare purchased, seat availability, and subsequent seat assignment are capable of determination through JetBlue's records.

109. To the extent the Court determines that material differences in governing state law affect any aspect of the claims, Plaintiff reserves the right to seek certification of appropriate state-specific subclasses, including the California Subclass alleged above.

110. Excluded from the Class and Subclass are JetBlue; its parents, subsidiaries, affiliates, officers, and directors; any entity in which JetBlue has a controlling interest; the judicial officers assigned to this case and members of their immediate families; and any person who timely and validly elects exclusion from a certified class.

111. Plaintiff reserves the right to amend the proposed class definitions based upon information obtained through discovery.

112. Numerosity. The members of the proposed Class are so numerous that joinder is impracticable. The exact number is presently known to JetBlue and can be determined from its booking, fare, seat-map, inventory, and reservation records.

113. Commonality and Predominance. Questions of law and fact common to Class Members predominate over questions affecting only individual members. Such common questions include:

a. whether JetBlue's representation that a fare included "Free seat selection" became part of the passenger contract;

b. whether JetBlue undertook a contractual obligation to provide purchasers of those fares a meaningful opportunity to make an advance seat selection;

c. whether JetBlue's systems identified situations in which no standard seat was available for selection before the passenger purchased the fare;

d. whether JetBlue disclosed the absence of available seats before accepting payment;

e. whether JetBlue's standardized booking flow disclosed, before payment, that the advertised seat-selection benefit was unavailable for a particular transaction;

f. whether JetBlue's ability to assign or later reassign a passenger's seat excuses its failure to provide the promised opportunity to select a seat in the first instance;

g. whether JetBlue breached its contractual obligations by selling qualifying fares without providing the advertised seat-selection benefit;

h. the appropriate methodology for calculating damages;

114. These questions arise from JetBlue's standardized fare representations and reservation systems and are capable of common proof.

115. Typicality. Plaintiff's claims are typical of the claims of Class Members and members of the California and JetBlue Mobile App Subclasses. Like those Class Members, Plaintiff purchased through JetBlue's standardized booking process a fare represented as including free seat selection, was not alerted before purchase that no standard seat was available, paid the requested consideration, and subsequently received no opportunity to select a standard seat before JetBlue assigned him a seat.

116. Adequacy. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has no interests antagonistic to the proposed Class and has retained counsel experienced in complex civil and class-action litigation.

117. Superiority. A class action is superior to other available methods for fairly and efficiently adjudicating this controversy. The damages associated with individual fare transactions are modest compared with the cost of individual litigation.

118. Concentrating these claims in a single action will conserve judicial resources, avoid inconsistent adjudications, and permit common issues concerning JetBlue's standardized fare representations, disclosures, and booking systems to be resolved efficiently.

**COUNT I**

**BREACH OF EXPRESS CONTRACT**

119. Plaintiff realleges and incorporates the preceding paragraphs as though fully set forth herein.

120. Plaintiff and Class Members entered into valid contracts with JetBlue when they selected JetBlue fare options, completed their purchases, paid the requested consideration, and JetBlue confirmed their reservations.

121. The terms of those transactions included the characteristics and benefits JetBlue expressly associated with the fare option being offered and purchased.

122. In Plaintiff's transaction, JetBlue expressly represented before purchase that the Blue fare included "Free seat selection."

123. That representation concerned the nature of the fare Plaintiff was purchasing and formed part of JetBlue's offer.

124. Plaintiff accepted that offer and supplied consideration by purchasing and paying for the Blue fare.

125. JetBlue's fare presentation expressly stated that the Blue fare provided "Free seat selection," and JetBlue has itself represented in federal litigation that Blue entitled purchasers to free advance seat selection.

126. Plaintiff and Class Members performed their contractual obligations, including payment of the fares JetBlue requested.

127. JetBlue breached its contractual obligations to Plaintiff by failing to provide the promised opportunity to make an advance seat selection.

128. JetBlue further breached the parties' agreement by accepting Plaintiff's payment for a Blue fare that included free advance seat selection and thereafter failing to provide Plaintiff any opportunity to select a standard seat without additional charge before JetBlue assigned him a seat. JetBlue stated no contrary limitation or qualification before the parties entered the agreement.

129. JetBlue did not satisfy its promise by later assigning Plaintiff a seat of JetBlue's choosing. JetBlue itself distinguishes an airline-assigned seat from the advance seat-selection entitlement it sells with Blue.

130. Plaintiff does not claim a contractual right to retain any particular seat indefinitely. The breach alleged here occurred earlier: JetBlue provided no standard seat for Plaintiff to choose despite selling him a fare that included free advance seat selection.

131. As a direct and proximate result of JetBlue's breach, Plaintiff and Class Members suffered damages, including the portion of the fare price attributable to the seat-selection benefit they purchased but did not receive, and/or the difference between the value of the fare as promised and the value of the fare actually provided, in amounts to be determined through discovery and at trial.

## COUNT II

## BREACH OF IMPLIED-IN-FACT CONTRACT

132. Plaintiff realleges and incorporates the preceding paragraphs as though fully set forth herein.

133. Plaintiff pleads this claim in the alternative in the event the Court concludes that the "Free seat selection" promise displayed in JetBlue's booking transaction was not an express term of the parties' agreement.

134. Through JetBlue's fare-comparison interface, pricing structure, booking process, and pre-purchase representations, JetBlue objectively manifested an undertaking that passengers who purchased Blue would be given an opportunity to select a seat in advance without an additional seat-selection charge.

135. Plaintiff accepted that undertaking and paid the requested consideration.

136. JetBlue possessed the information necessary to know whether the promised seat-selection opportunity was available for Plaintiff's flight.

137. JetBlue nevertheless failed to inform Plaintiff that no standard seat was available before accepting his payment.

138. Plaintiff and Class Members performed their obligations under the implied agreement.

139. JetBlue breached the implied contractual obligation by accepting payment for fares represented as including advance seat selection and thereafter failing to provide Plaintiff and Class Members any opportunity to select a standard seat without additional charge before JetBlue assigned them seats.

140. As a direct and proximate result of JetBlue's breaches, Plaintiff and Class Members suffered damages in amounts to be determined through discovery and at trial.

## COUNT III

## PROMISSORY ESTOPPEL

141. Plaintiff realleges and incorporates the preceding paragraphs as though fully set forth herein.

142. Plaintiff pleads this claim in the alternative in the event the Court concludes that JetBlue's promise concerning included seat selection did not constitute an enforceable express or implied contractual term.

143. JetBlue made a clear promise to Plaintiff that the Blue fare included "Free seat selection."

144. JetBlue simultaneously represented that the less expensive Blue Basic fare included "No free seat selection."

145. JetBlue intended and reasonably expected passengers to consider and rely upon these distinctions when choosing among its fare products.

146. JetBlue did not inform Plaintiff before payment that no standard seat was available for him to select.

147. Plaintiff reasonably relied upon JetBlue's representation by purchasing the more expensive Blue fare in material part to obtain the represented seat-selection benefit.

148. Plaintiff changed his position to his detriment by paying for a fare containing a benefit that JetBlue failed to provide.

149. Class Members similarly paid for qualifying fares in reasonable reliance on JetBlue's promise of included seat selection without receiving a clear pre-purchase warning that no seat was available for them to select.

150. Enforcement of JetBlue's promise is necessary to avoid injustice.

151. As a direct and proximate result of JetBlue's failure to honor its promise, Plaintiff and Class Members suffered damages in amounts to be determined through discovery and at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Saman Kohanof, individually and on behalf of all others similarly situated, respectfully requests that the Court enter judgment in his favor and against JetBlue as follows:

A. Certifying the proposed Class and, as appropriate, the California Subclass pursuant to Federal Rule of Civil Procedure 23;

B. Appointing Plaintiff Saman Kohanof as Class Representative and Plaintiff's counsel as Class Counsel;

C. Awarding Plaintiff and Class Members compensatory and benefit-of-the-bargain damages, including the value of the promised seat-selection benefit JetBlue failed to provide, in an amount to be proven at trial;

D. Awarding restitution or other equitable monetary relief to the extent available and appropriate on the alternative claims;

E. Awarding pre-judgment and post-judgment interest at the maximum lawful rate;

F. Awarding Plaintiff and the Class their reasonable costs and attorneys' fees to the extent permitted by contract or applicable law;

G. Awarding such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMANDED

152. Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: August 31, 2026 **THE LAW OFFICES OF LEON OZERAN**

By: */s/ Leon Ozeran*

LEON OZERAN

Attorney for Plaintiff